UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

**CMFG LIFE INSURANCE COMPANY,
CUMIS INSURANCE SOCIETY, and
MEMBERS LIFE INSURANCE COMPANY,**

          Plaintiffs,

       -vs-                                       **Case No. 13-C-577**

**MORGAN STANLEY & Co., LLC,**

          Defendant.

---

### DECISION AND ORDER

---

This case is one of several actions filed by the plaintiffs, collectively known as "CUNA Mutual," seeking to rescind their purchase of various residential mortgage-backed securities ("RMBS"). Currently pending is Morgan Stanley's motion to dismiss for failure to state a claim. On July 2, 2014, Judge Conley granted a substantively identical motion to dismiss in Case No. 13-cv-576 (W.D. Wis.), finding that CUNA Mutual's claims sound in contract; that CUNA Mutual cannot invoke the statute of limitations for actions for relief on grounds of fraud; and that the six-year statute of limitations for contract claims barred the suit. *CMFG Life Ins. Co. v. UBS Securities*, --- F. Supp. 2d ----, 2014 WL 2986472 (W.D. Wis.).

CUNA Mutual concedes that Judge Conley's rationale, if adopted by this Court, compels the dismissal of its original complaint. Yet in response to Judge Conley's decision, CUNA Mutual moved for leave to file an amended complaint. This was done, it seems, at the direct suggestion of Judge Conley, who observed in a footnote that the "only remaining option to CUNA Mutual is to move to amend its pleadings to bring a claim for rescission on the grounds of fraudulent (intentional) misrepresentation, since *Koehler* [*v. Haechler*, 133 N.W. 2d 730 (Wis. 1965)], at least, supports the application of § 893.93(b) in such instances. However, doing so would require CUNA Mutual to plead fraud with particularity." 2014 WL 2986472, at *6, n.13. Thus, CUNA Mutual seeks leave to "specifically allege that Morgan Stanley committed intentional fraud." Morgan Stanley opposes CUNA Mutual's attempt to amend the complaint, arguing that such an amendment would be futile.

As Judge Conley explained, both Wis. Stat. § 893.43 and § 893.93(1)(b) prescribe a six-year statute of limitations, but § 893.43, which governs claims for breach of contract, does not allow for the application of the discovery rule, meaning that the six-year limitations period begins to run at the moment of the breach. Judge Conley ultimately found, and the Court agrees, that CUNA Mutual "may not bring an action that sounds in

contract for the purposes of evading the economic loss doctrine, but sounds in tort for the purposes of availing itself of the discovery rule." *Id*. at *5.

Morgan Stanley argues that the same rationale applies to CUNA Mutual's attempt to state a claim for intentional misrepresentation. The case law on this issue is somewhat conflicting. C*ompare Koehler, supra* and *Owen v. Wangerin*, 985 F.2d 312, 314-15 (7th Cir. 1993), with *Kindschuh v. City of Fond Du Lac*, No. 09-C-214, 2010 WL 1507883, at *6 (E.D. Wis. Apr. 14, 2010). While § 893.43 applies to an action "upon any contract," § 893.43(1)(b) applies to an "action for relief on the ground of fraud." This latter language, as the Wisconsin Supreme Court at least implicitly recognized in *Koehler*, is a more accurate characterization of a claim based upon an intentional misrepresentation. And of course, CUNA Mutual's pursuit of rescission – a *contractual* remedy – means that the claim doesn't run afoul of the economic loss doctrine. *Harley-Davidson Motor Co., Inc. v. Powersports Inc.*, 319 F.3d 973, 987 (7th Cir. 2003) ("Harley Davidson is not seeking to 'end run around contract law;' rather, it is seeking a remedy expressly given to it through contract law – rescission of contract. . . . Harley-Davidson's claim for rescission does not give it something in tort that was unavailable to it in contract").

Morgan Stanley makes additional arguments regarding the timeliness of CUNA Mutual's complaint. First, Morgan Stanley argues that CUNA Mutual failed to exercise its right to rescission within a reasonable time after "discovery of the facts from which it arises." *McKearn v. Lerman Tire Service, Ltd.*, 145 N.W. 2d 731, 736 (Wis. 1966). Based solely on the pleadings, the Court is unable to pinpoint when CUNA Mutual discovered its right to rescind. This is an issue more appropriately resolved at summary judgment or trial. Morgan Stanley also argues that the amended complaint does not "relate back" to the filing of the original complaint. An amendment to a pleading relates back when "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. 15(c)(1)(A). Under Wisconsin law, if "the claim asserted in the amended pleading arose out of the transaction, occurrence, or event set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the filing of the original pleading." Wis. Stat. § 802.09(3). This standard is easily met; the claims in the amended complaint arise out of its purchase of four certificates in three separate securitizations from Morgan Stanley between 2005 and 2007, just like the original complaint.

The question then becomes whether the amended complaint states

- 4 -

an actionable claim for intentional misrepresentation. Such a claim includes the following elements: (1) the defendant made a factual representation; (2) which was untrue; (3) the defendant either made the representation knowing it was untrue or made it recklessly without caring if it was true or false; (4) the defendant made the representation with the intent to defraud and to induce another to act upon it; and (5) the plaintiff believed the statement to be true and relied on it to his/her detriment. *Kaloti Enters., Inc. v. Kellogg Sales Co.*, 699 N.W. 2d 205, 210 (Wis. 2005). CUNA Mutual must "state with particularity the circumstances constituting the fraud . . ." Fed. R. Civ. P. 9(b). This requirement has been likened to the "first paragraph of any newspaper story: 'the who, what, when, where, and how.'" *Wigod v. Wells Fargo Bank, N.A.*, 673 F. 3d 547, 569 (7th Cir. 2012). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Rule 9(b).

The proposed amended complaint describes, in great detail, the offering process for each security. For example, the complaint alleges that "[o]n or in the days leading up to October 27, 2005, Morgan Stanley (through [salesman John] Marzione) contacted [CUNA Mutual employee Mark] Prusha by phone or through email to inform Prusha that Morgan Stanley had several RMBS certificates in its inventory from its RAST 2005-

- 5 -

A6CB securitization, which Morgan Stanley had brought to market in May of 2005." ECF No. 49-1, ¶ 171. The underlying theory of CUNA Mutual's complaint is that Smith Barney failed in its duties to "re-underwrite" the securities at issue. *See id.*, ¶ 13 ("Because RMBS are publicly offered securities subject to state and federal securities laws, Morgan Stanley was required to conduct thorough due diligence on both the originators of the loans and the actual loans that back the RMBS before offering certificates for sale to investors like CUNA Mutual"). Thus, in connection with the above-mentioned securitization, CUNA Mutual alleges that "Morgan Stanley knew that CUNA Mutual, like all other investors, relied on originator compliance with underwriting guidelines as a basic and fundamental assumption of every RMBS transaction, . . . If Morgan Stanley had any information inconsistent with that basic assumption, it was required to disclose it to CUNA Mutual and other investors." *Id.*, ¶ 193. Based upon the general allegation that Morgan Stanley knew about the "quantitative characteristics of the loan pools backing each of the three RMBS at issue," i.e., LTV ratios, owner-occupancy rates, *id.*, ¶¶ 236-277, in addition to the more specific allegation that defective loans were routinely waived in to the loan pools, *id.*, ¶¶ 352-56, CUNA Mutual alleges with adequate particularity that Morgan Stanley made an untrue factual

representation in connection with CUNA Mutual's trade for two certificates on October 27, 2005. *Id.*, ¶ 194.

Thus, and to clarify given the confusion which results from addressing arguments in two sets of briefs, the Court will deny the motion to dismiss as technically moot, but CUNA Mutual's motion for leave to amend will be granted. Given the logic of the foregoing opinion, this means that CUNA Mutual may proceed past the pleading stage on its claim for rescission grounded in intentional or fraudulent misrepresentation. This being an equitable claim, the Court will strike CUNA Mutual's jury demand. *Meas v. Young*, 405 N.W. 2d 697, 701 (Wis. Ct. App. 1987); *CMFG Life Ins. Co. v. RBS Sec., Inc.*, No. 12-cv-037-wmc, 2013 WL 4483068, at *13, n.12 (W.D. Wis. Aug. 19, 2013).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Morgan Stanley's motion to dismiss [ECF No. 23] is **DENIED** as moot;

2. Morgan Stanley's motion to stay discovery [ECF No. 31] is **DENIED** as moot;

3. CUNA Mutual's motion for leave to file an amended complaint [ECF No. 48] is **GRANTED**. The jury demand contained therein is

**STRICKEN**;

4. Pursuant to Federal Rule of Civil Procedure 16(b), a telephonic scheduling conference is scheduled for **November 12, 2014** at **10:30 a.m.** (Central Time). Please be available at that time. The Court will initiate the call.

5. The purpose of the conference call is to establish a scheduling order which will limit the time: (a) to join other parties and to amend the pleadings; (b) to file motions; (c) to complete discovery;

6. The scheduling order may also: (a) modify the timing for disclosure under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted; (b) provide for the disclosure or discovery of electronically stored information; (c) include any agreements the parties reach for asserting claims of privilege or protection as trial preparation material after information is produced; (d) the date or dates for conferences before trial, a final pretrial conference, and trial; and (e) any other matters appropriate in the circumstances of the case;

7. The time limitations set forth in the scheduling order may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4);

8. The parties should be prepared to discuss the matters listed in

Civil Local Rule 16(a)(1). Please refer to Attachment A. Special attention should also be given to Rule 26(f)(1), which requires the parties to conduct a settlement/discovery conference at least twenty-one (21) days prior to the initial scheduling conference described above. The Rule 26(f) conference may be conducted by telephone. Rules 26(f)(2) and (3) mandate that the parties, within fourteen (14) days of their conference: (a) file a written report outlining the proposed discovery plan they have developed at their Rule 26(f) conference; and (b) make the required initial disclosures under Rule 26(a) regarding witnesses and documents. In addition to the matters specified in Rules 26(f)(2) and (3), the Court requests that the proposed discovery plan submitted by the parties include one or two sentences stating the nature of the case;

    9.    The written report must include the telephone numbers where the parties can be reached for this call.

    10.    In addition, Judge Randa is participating in the Seventh Circuit Electronic Discovery Pilot Program and has adopted the <u>Principles Relating to the Discovery of Electronically Stored Information</u>. Counsel should be fully prepared to discuss methods and techniques to accomplish cooperative fact-finding in their case at the initial status conference. Before the initial status conference, counsel must also meet and discuss the

Principles Relating to the Discovery of Electronically Stored Information. At the initial status conference, counsel must be prepared to discuss what agreements they have reached regarding discovery of Electronically Stored Information ("ESI") and what area of disagreement they have with regard to discovery of ESI. After discussing the matter with counsel, the Court will determine whether to enter the <u>Standing Order Relating to the Discovery of Electronically Stored Information</u> in their particular case. (Please refer to Attachments B & C).

Dated at Milwaukee, Wisconsin, this **12th** day of September, 2014.

**BY THE COURT:**

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**