## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

---

**CMFG LIFE INSURANCE COMPANY,**
**CUMIS INSURANCE SOCIETY, and**
**MEMBERS LIFE INSURANCE COMPANY,**

Plaintiffs,

-vs-                                                           **Case No. 13-C-577**

**MORGAN STANLEY & Co., LLC,**

Defendant.

---

### DECISION AND ORDER

---

In September, the Court denied a motion to dismiss filed by Morgan Stanley as "technically moot" in light of the Court's corresponding decision to grant CUNA Mutual's motion for leave to file an amended complaint. Now before the Court are a series of motions concerning how to proceed in the wake of that Order. These motions are addressed herein.

1.      Morgan Stanley moves for an order which clarifies that "all of plaintiffs' causes of action, with the exception of their claim for rescission on the ground of intentional misrepresentation, have been dismissed." The Court thought that this was clear enough because it expressly adopted Judge Conley's rationale from a separate order, which CUNA Mutual

*conceded* would compel the dismissal of its original complaint *in its entirety*. September 12, 2014 Decision and Order at 2. The only changes from the original complaint to the amended complaint were meant to buttress and assert a claim for fraudulent or intentional misrepresentation. ECF No. 49, at 1-2 ("in an abundance of caution, and in light of recent rulings by Judge William Conley on the applicable statute of limitations in similar litigation, CUNA Mutual seeks to specifically allege that Morgan Stanley committed intentional fraud"). CUNA Mutual's argument to the contrary – that the foregoing was not the clear import of the Court's previous decision – is mystifying.

2. Morgan Stanley moves to certify the aforementioned order for interlocutory appeal. 28 U.S.C. § 1292(b) ("When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing such order"). There are four statutory criteria for the grant of a section 1292(b) petition: there must be a question of law, it must be controlling, it must be contestable, and its resolution must promise to

speed up the litigation. *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000).

Morgan Stanley's motion fails on contestability. The issue Morgan Stanley seeks to appeal is whether claims for rescission of contract based on intentional or fraudulent misrepresentation are governed by Wis. Stat. § 893.43 or § 893.93(1)(b).[1] The Court held that while the case law on this issue is "somewhat conflicting," the Wisconsin Supreme Court has "at least implicitly recognized" that an "action for relief on the ground of fraud," *see* § 893.93(1)(b), is a "more accurate characterization of a claim based upon an intentional misrepresentation." Decision and Order at 3 (citing *Koehler v. Haechler*, 133 N.W.2d 730 (Wis. 1965)). Moreover, CUNA Mutual's pursuit of a contractual remedy (rescission) means that the claim "doesn't run afoul of the economic loss doctrine." *Id.* (citing *Harley-Davidson Motor Co., Inc. v. Powersports Inc.*, 319 F.3d 973, 987 (7th Cir. 2003)).

Morgan Stanley argues that the issue is contestable because the Wisconsin courts have never explicitly recognized the applicability of § 893.93(1)(b) to a claim for rescission based on intentional misrepresentation. Morgan Stanley also asserts that *Koehler*'s "implicit

---

[1] At page three of the Court's previous Decision and Order, the Court wrote that "[w]hile § 893.43 applies to an action 'upon any contract,' § 893.*43*(1)(b) applies to an 'action for relief on the ground of fraud.'" (emphasis added). The latter citation should be § 893.*93*(1)(b), not § 893.43(1)(b). There is no § 893.43(1)(b).

recognition" was undermined by subsequent Wisconsin Supreme Court decisions, citing *First Nat. Bank & Trust Co. of Racine v. Notte*, 293 N.W.2d 530, 533-34 (Wis. 1980) and *Kaloti Enters. v. Kellogg Sales Co.*, 699 N.W.2d 205, 219 (Wis. 2005). The Court considered these cases and did not find them persuasive. Most importantly, in a case that post-dates *Notte* (but pre-dates *Kaloti*), the Seventh Circuit applied § 893.93(1)(b) to a fraud claim under Wisconsin law seeking rescission. *Owen v. Wangerin*, 985 F.2d 312, 314-15 (7th Cir. 1993). The Seventh Circuit did so without discussion, but the absence of a judicial opinion addressing the arguments presented by Morgan Stanley does not mean that the issue is contestable. Indeed, the absence of such an opinion suggests the exact opposite. Ultimately, the Seventh Circuit's reflexive application of § 893.93(1)(b) in *Owen* demonstrates that the issue is not truly contestable.

3.      Morgan Stanley moves for a stay pending its requested interlocutory appeal. This motion can be denied as moot.

4.      For its part, CUNA Mutual moves for a stay pending a decision from the Seventh Circuit in a related case, *CMFG Life Ins. Co. v. RBS Sec., Inc.*, No. 14-2904 (7th Cir. filed Aug. 27, 2014), *on appeal from CMFG Life Ins. Co. v. RBS Sec., Inc.*, No. 12-CV-037-WMC (W.D. Wis.). District courts have the inherent authority to stay its own proceedings,

generally considering the following factors: (1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court. *Tonn & Blank Const., LLC v. Sebelius*, 968 F. Supp. 2d 990, 993 (N.D. Ind. 2013).

This litigation is at an early stage, and Morgan Stanley does not argue that it will be prejudiced by a stay. Instead, Morgan Stanley argues that a stay would not simplify the issues or reduce the burdens of litigation because fraud is not at issue in the *RBS* appeal. 2014 WL 3696233, at *36 (W.D. Wis. July 23, 2014) (denying leave to amend because CUNA Mutual "expressly disavowed a fraud claim from the outset and cannot now, two weeks before trial, fundamentally alter the nature of its claims"). Even so, the Seventh Circuit's ruling may still inform the remaining elements of the claim. *See id.* at *26 (to prove a claim for rescission on grounds of misrepresentation, CUNA Mutual required to prove justifiable reliance on a misrepresentation of fact that was material *or* fraudulent) (citing *Notte*). Therefore, the Court finds that a stay is warranted pending the *RBS* appeal. As requested, CUNA Mutual will be allowed to pursue limited discovery regarding loan files and underwriting guidelines during the

pendency of the stay.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1.    Morgan Stanley's motion to amend [ECF No. 57] is **GRANTED**;

2.    Morgan Stanley's motion for a certificate of appealability [ECF No. 58] is **DENIED**;

3.    Morgan Stanley's motion to stay [ECF No. 59] is **DENIED** as moot; and

4.    CUNA Mutual's motion to stay [ECF No. 62] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this __19th__ day of December, 2014.

                                    **BY THE COURT:**

                                    **HON. RUDOLPH T. RANDA**
                                    **U.S. District Judge**