UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

CMFG LIFE INSURANCE COMPANY,
CUMIS INSURANCE SOCIETY, Inc., AND
MEMBERS LIFE INSURANCE COMPANY,

        Plaintiffs,

-vs-                                Case No. 13-C-577

MORGAN STANLEY & Co., LLC,

        Defendant.

---

## DECISION AND ORDER

The plaintiffs in this action, collectively CUNA Mutual, seek to rescind their purchase of various residential mortgage-backed securities. On September 12, 2014, the Court issued an order dismissing all but CUNA's claim for intentional or fraudulent misrepresentation. On December 19, 2014, the Court stayed this action pending CUNA's appeal in a related case. *See CMFG Life Ins. Co. v. RBS Sec., Inc.*, 799 F.3d 729 (7th Cir. 2015). CUNA now moves to lift the stay and proceed with discovery.

The Seventh Circuit held, as relevant here, that the six-year limitations period set forth in § 893.43, Wis. Stats., does not apply to claims for rescission. *RBS*, 799 F.3d at 736-37. Accordingly, CUNA's claims are not, as the Court (and Judge Conley) previously held, time-barred. Even so, the Seventh Circuit recognized that CUNA's rescission claim "still may be subject

to the defense of laches." *Id.* at 738. Smith Barney thus opposes the motion to lift the stay by arguing that CUNA's claims are barred by laches.

By resisting CUNA's motion, Smith Barney essentially asks the Court to revisit its prior 12(b)(6) ruling in light of the Seventh Circuit's ruling in *RBS*. District judges have "inherent authority to reconsider an interlocutory order because such orders are subject to revision at any time before the entry of judgment adjudicating all the claims." *Farr v. Paikowski*, No. 11-C-789, 2013 WL 1288041, at *1 (E.D. Wis. March 25, 2013) (citing Fed. R. Civ. P. 54(b)). Since this case is still at the pleading stage, the Court accepts all well-pleaded allegations as true and construes all reasonable inferences in favor of CUNA. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Smith Barney argues that CUNA knew no later than 2009 that mortgage loan originators had "systematically disregarded their underwriting standards," yet waited to file suit until 2013. Smith Barney also argues that CUNA should have known even earlier — no later than 2008 — because CUNA is a sophisticated investor. In response, CUNA argues that it continued to rely on Morgan Stanley's representations that the loans complied with applicable guidelines. Drawing all reasonable inferences in favor of CUNA, the Court is unable to conclude that a four or five year delay in bringing suit is unreasonable. *State ex rel. Coleman v. McCaughtry*, 714 N.W.2d 900, 905 (Wis. 2006) (listing elements for laches, including unreasonable delay). This

issue is best left to further factual development.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. CUNA's motion to reconsider and to lift the stay [ECF No. 77] is **GRANTED**;

2. CUNA's motion for leave to file reply memorandum [ECF No. 82] is **GRANTED**;

3. Pursuant to Federal Rule of Civil Procedure 16(b), a telephonic scheduling conference is scheduled for **January 13, 2016** at **9:30 a.m.** (Central Time). Please be available at that time. The Court will initiate the call.

4. The purpose of the conference call is to establish a scheduling order which will limit the time: (a) to join other parties and to amend the pleadings; (b) to file motions; (c) to complete discovery;

5. The scheduling order may also: (a) modify the timing for disclosure under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted; (b) provide for the disclosure or discovery of electronically stored information; (c) include any agreements the parties reach for asserting claims of privilege or protection as trial preparation material after information is produced; (d) the date or dates for conferences before trial, a final pretrial conference, and trial; and (e) any other matters appropriate in the

circumstances of the case;

7. The time limitations set forth in the scheduling order may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4);

7. The parties should be prepared to discuss the matters listed in Civil Local Rule 16(a)(1). Please refer to Attachment A. Special attention should also be given to Rule 26(f)(1), which requires the parties to conduct a settlement/discovery conference at least twenty-one (21) days prior to the initial scheduling conference described above. The Rule 26(f) conference may be conducted by telephone. Rules 26(f)(2) and (3) mandate that the parties, within fourteen (14) days of their conference: (a) file a written report outlining the proposed discovery plan they have developed at their Rule 26(f) conference; and (b) make the required initial disclosures under Rule 26(a) regarding witnesses and documents. In addition to the matters specified in Rules 26(f)(2) and (3), the Court requests that the proposed discovery plan submitted by the parties include one or two sentences stating the nature of the case;

8. The written report must include the telephone numbers where the parties can be reached for this call;

9. In addition, Judge Randa is participating in the Seventh Circuit Electronic Discovery Pilot Program and has adopted the <u>Principles Relating to</u>

the Discovery of Electronically Stored Information. Counsel should be fully prepared to discuss methods and techniques to accomplish cooperative fact-finding in their case at the initial status conference. Before the initial status conference, counsel must also meet and discuss the Principles Relating to the Discovery of Electronically Stored Information. At the initial status conference, counsel must be prepared to discuss what agreements they have reached regarding discovery of Electronically Stored Information ("ESI") and what area of disagreement they have with regard to discovery of ESI. After discussing the matter with counsel, the Court will determine whether to enter the Standing Order Relating to the Discovery of Electronically Stored Information in their particular case. (Please refer to Attachments B & C).

Dated at Milwaukee, Wisconsin, this 19th day of November, 2015

BY THE COURT:

*Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**