IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CMFG LIFE INSURANCE COMPANY,
MEMBERS LIFE INSURANCE COMPANY, and
CUMIS INSURANCE SOCIETY,

                Plaintiffs,

  v.

MORGAN STANLEY & CO., LLC,

                Defendant.

ORDER

13-cv-577-jdp

---

Plaintiffs CMFG Life Insurance Company, MEMBERS Life Insurance Company, and CUMIS Insurance Society (collectively, CUNA Mutual) filed this case against defendant Morgan Stanley & Co., LLC three years ago, seeking to rescind the purchase of several residential mortgaged-backed securities. CUNA Mutual invokes this court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Dkt. 56, ¶ 136. But because the allegations in the amended complaint are insufficient to determine whether diversity jurisdiction actually exists, the court will direct CUNA Mutual to file a second amended complaint containing the necessary allegations.

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless the party invoking federal jurisdiction establishes complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the court must dismiss the case for lack of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v.*

*Friend*, 559 U.S. 77, 94 (2010). The party invoking federal jurisdiction bears the burden of establishing that jurisdiction is proper. *Smart*, 562 F.3d at 802-03.

Here, CUNA Mutual contends that diversity jurisdiction exists because: (1) the amount in controversy exceeds $75,000; and (2) the parties are completely diverse. For the latter to be true, however, CUNA Mutual cannot be a citizen of the same state as Morgan Stanley. *Id.* at 803. As of now, the court cannot confirm that this is the case.

Morgan Stanley is a limited liability company. "[T]he citizenship of an LLC is the citizenship of each of its members[.]" *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). But CUNA Mutual does not allege the names or citizenships of any of Morgan Stanley's members. Instead, CUNA Mutual alleges that Morgan Stanley is a Delaware *corporation* with its headquarters in New York. This information is not relevant to determining an LLC's citizenship. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 429 (7th Cir. 2009).

The amended complaint also does not allege whether the three plaintiffs are corporations, LLCs, or something else; CUNA Mutual merely identifies each plaintiff as an "Iowa . . . insurance company" with headquarters in Wisconsin. Dkt. 56, ¶¶ 131-33. If the plaintiffs are LLCs, CUNA Mutual must identify each entity's members and their citizenships, as discussed. If the plaintiff entities are corporations, CUNA Mutual must identify each entity's state of incorporation and the state where it has its principal place of business. *Hertz*, 559 U.S. at 88.

Before dismissing this case for lack of subject matter jurisdiction, the court will allow CUNA Mutual to file a second amended complaint that establishes subject matter jurisdiction by alleging the names and citizenships of each of Morgan Stanley's members and

2

by identifying plaintiffs' corporate structure and their citizenships. In alleging the LLCs' citizenships, CUNA Mutual should be aware that if any members of the LLCs are themselves a limited liability company, partnership, or other similar entity, then it must allege the individual citizenships of each of those members as well: "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

## ORDER

IT IS ORDERED that:

1. Plaintiffs CMFG Life Insurance Company, MEMBERS Life Insurance Company, and CUMIS Insurance Society will have until August 17, 2016, to file and serve a second amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332.

2. Failure to timely amend will result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered August 3, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

3