UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CMFG Life Insurance Company, Cumis Insurance Society, Inc., and Members Life Insurance Company, <br><br> Plaintiffs, <br><br> v. <br><br> Morgan Stanley & Co., LLC, <br><br> Defendant. | Case No. 13-CV-577 (JDP) |

**STIPULATION AND [PROPOSED] ORDER FOR PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION FROM NON-PARTIES FDIC-RECEIVER AND CIT BANK, N.A.**

**IT IS HEREBY STIPULATED, AGREED and ORDERED** that the following procedures will govern the production of certain documents, exhibits, and other information or materials produced by the Federal Deposit Insurance Corporation in its capacity as receiver for IndyMac Bank, F.S.B. ("FDIC-Receiver"), and CIT Bank, N.A. (f/k/a OneWest Bank, FSB) ("CIT") (the "Producing Parties" or "Producing Party") in the above-captioned action (the "Action"):

1. This Stipulation and Order (the "Supplemental Protective Order") supplements the protections provided in the Stipulation and Protective Order Regarding Confidential Discovery Materials and "Clawback" of Documents entered March 13, 2015 (the "March 13, 2015 Order"). This Order incorporates by reference the terms of the March 13, 2015 Order.

2. The Producing Parties were served by CMFG Life Insurance Company, CUMIS Insurance Society, and MEMBERS Life Insurance Company with subpoenas in the Action (the "Subpoenas"). Nothing herein constitutes an agreement by the Producing Parties to produce any documents in response to the Subpoenas and the Producing Parties reserve all rights in this regard. Nevertheless, the Producing Parties agree that to the extent they produce documents in response to the Subpoenas, certain Confidential Materials from the Producing Parties may be produced to the parties in the Action. Some Confidential Materials may contain information about customers of IndyMac Bank, F.S.B., and its affiliates (including customers for whose loans CIT may have been, or may now be, acting as servicer) that may include (a) "nonpublic personal information," as such term is defined in Title V of the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809, and the Regulations promulgated thereunder (including 16 C.F.R. Part 313, 16 C.F.R. Part 314, 12 C.F.R. Part 332, and 12 C.F.R. Part 364), and (b) information covered by state and any other federal laws and regulations protecting the privacy and security of personal information. All such federal and state laws and regulations are referred to herein collectively as "Privacy Laws." Nonparty Borrower Information as defined in the March 13, 2015 Order, "nonpublic personal information" within the meaning of the Gramm-Leach Bliley Act, and other information protected by Privacy Laws are referred to herein collectively as "NPPI." NPPI includes, but is not limited to, an individual's name, Social Security number, credit card and debit card account number, bank account number, state identification card number, driver's license number, and date of birth. The designation of Confidential Materials for

2

purposes of this Supplemental Protective Order shall be made by affixing the legend "Confidential – May Contain Nonpublic Personal Information" in the same manner as documents designated "Highly Confidential" as described in Paragraphs 4 and 11 of the March 13, 2015 Order. This designation may only be used by the Producing Parties pursuant to this Supplemental Protective Order. All documents produced by other Parties containing NPPI shall be designated as "Confidential" in accordance with Paragraph 3 of the March 13, 2015 Order.

3. No recipient of Confidential Materials designated as "Confidential – May Contain Nonpublic Personal Information" may use or disclose such materials other than as described herein. Parties and their counsel who receive Confidential Materials designated as "Confidential – May Contain Nonpublic Personal Information" acknowledge the sensitive nature of such materials, including the possibility of identity theft or other harm to borrowers if there is inappropriate disclosure or misuse of the NPPI which these materials may contain. Parties and their counsel who receive Confidential Materials designated as "Confidential – May Contain Nonpublic Personal Information" shall take reasonable steps to secure such materials from disclosures not authorized under the terms of this Supplemental Protective Order and from misuse by persons provided access to them. Compliance with the terms of the March 13, 2015 Order and of this Supplemental Protective Order shall be considered adequate compliance with the foregoing sentence.

4. The production by the Producing Parties of documents containing NPPI pursuant to the terms of this Supplemental Protective Order shall not be deemed a violation of any duty or obligation arising under confidentiality, consumer privacy, consumer protection or other federal, state or local laws, regulations, or case law concerning the use, privacy, security, and disposal of NPPI of any person.

5. The consumer notice requirements of California Code of Civil Procedure sections 1985.3 and 2020.410(d) shall not be deemed applicable to the protection of Confidential Materials containing NPPI in this Action, and no party to this Action shall be required to provide such notice.

6. Any Producing Party may designate any Confidential Materials as "Confidential – May Contain Nonpublic Personal Information" if such Confidential Materials reveal or contain NPPI.

3

Such Confidential Materials may be used only for purposes of this Action and may be disclosed solely to those persons specified in Paragraphs 7(a)-(f) of the March 13, 2015 Order.

7. The persons described in Paragraphs 7(a)-(f) of the March 13, 2015 Order shall have access to Confidential Materials designated as "Confidential – May Contain Nonpublic Personal Information" only after they have been made aware of the provisions of this Supplemental Protective Order. In signing this Supplemental Protective Order, counsel whose signatures are affixed below certify that the sensitive nature of the Confidential Materials containing NPPI and the provisions of this Supplemental Protective Order will be communicated to the attorneys, paralegals, case clerks, legal assistants and other employees of their respective law firms before they receive access to Confidential Materials designated as "Confidential – May Contain Nonpublic Personal Information". Counsel who receive Confidential Materials designated as "Confidential – May Contain Nonpublic Personal Information" further agree to require the persons specified in Paragraphs 7(a)-(f) of the March 13, 2015 Order, to sign a copy of the annexed "NPPI UNDERTAKING" prior to being afforded access to Confidential Materials designated as "Confidential – May Contain Nonpublic Personal Information," except employees of signatory counsel's law firms, as described in the preceding sentence, and persons described in Paragraph 7(d) of the March 13, 2015 Order who are shown documents during a deposition shall not be required to sign the NPPI Undertaking. Counsel shall retain copies of the signed NPPI Undertaking until the completion of the above-captioned litigation.

8. Counsel who receive Confidential Materials designated as "Confidential – May Contain Nonpublic Personal Information" may contact former borrowers, guarantors, or other obligees to mortgages or loans included in the production of Confidential Materials designated as "Confidential – May Contain Nonpublic Personal Information" ("Protected Borrowers") only if counsel obtained the identities of Protected Borrowers through means other than the Producing Parties' production, but counsel may not disclose to Protected Borrowers the contents of Confidential Materials designated as "Confidential – May Contain Nonpublic Personal Information," or the fact that Confidential Materials designated as "Confidential – May Contain Nonpublic Personal Information" have been produced in this Action, unless such counsel have received the contents of

4

the Confidential Materials designated as "Confidential – May Contain Nonpublic Personal Information" other than from the Producing Parties' production. Otherwise, no Party or its counsel shall contact or communicate with any Protected Borrower without prior authorization from the Court or the Producing Parties.

9.  In the event that a Producing Party discovers that it has inadvertently produced Confidential Materials containing NPPI without having marked such material with the appropriate designation, the Producing Party may notify each Party receiving such material ("the Receiving Party") and require the Receiving Party to retrieve and return any unmarked or incorrectly marked material, and the Producing Party will substitute appropriately marked material. Upon receipt of such notification from the Producing Party, the Receiving Party immediately must treat the inadvertently misdesignated production as material properly designated as "Confidential — May Contain Nonpublic Personal Information."

10. In the event of disclosure of any material designated "Confidential — May Contain Nonpublic Personal Information" to a person not authorized for access to such material in accordance with this Supplemental Protective Order, the party responsible for having made such disclosure must promptly inform counsel for the Producing Party of all known relevant information concerning the nature and circumstances of the disclosure. The responsible party also must promptly take all reasonable measures to retrieve all such materials from the unauthorized person and ensure that no further or greater unauthorized disclosure or use of such information or materials is made. Each party must cooperate in good faith in that effort.

11. The Producing Parties intend to provide the parties with options concerning the form of its production of Confidential Materials. If the parties elect to have the Confidential Materials produced by making them available on one or more secured electronic repositories hosted by a third-party vendor, any document containing NPPI that is made available on secured electronic repository shall be deemed to be designated as "Confidential — May Contain Nonpublic Personal Information" without any further designation. In the event that the parties choose a physically imaged production of Confidential Materials, the Producing Parties will Bates stamp their productions and stamp all productions with a "Confidential — May Contain Nonpublic Personal Information" label.

12. In order to decrease the delay and burden on all Parties, the Producing Parties have agreed to the production of certain documents ("Discovery Material") without substantial initial review for confidentiality and without substantial initial review for, but without waiving, the attorney-client privilege or other privileges or protections – including, but not limited to, attorney work product, deliberative process, suspicious activity reports ("SAR"s), or 12 C.F.R. pt. 309 – with the understanding that the Producing Parties reserve their right to assert such privileges or protections in the future. Nothing in this Supplemental Protective Order requires production or disclosure of any material that counsel for the Producing Parties reasonably believes is protected from disclosure by the attorney-client privilege or another privilege or protection. Pursuant to Fed. R. Evid. 502(d) and other applicable laws, no applicable attorney-client privilege, attorney work product protection, or other applicable privilege or protection, including, but not limited to, attorney work product, deliberative process, suspicious activity reports ("SAR"s), or 12 C.F.R. pt. 309, is waived by production or disclosure of information pursuant to this Supplemental Protective Order, and Producing Parties shall not have to meet the requirements of Fed. R. Evid. 502(b)(1)-(3).

(a) In order to expedite production of voluminous materials, the Parties agree that Discovery Material produced by the Producing Parties may be designated and produced in bulk as "CONFIDENTIAL" or "Confidential – May Contain Nonpublic Personal Information" without detailed review under Paragraph 4 of the March 13, 2015 Order, subject to the "claw back" procedures in Paragraphs 29-33 therein, or such procedures as are otherwise agreed to, notwithstanding that some of the documents within the collection may not qualify for such designation. For purposes of this Supplemental Protective Order, such designation may be made by affixing the legend "CONFIDENTIAL" in the manner described in Paragraph 11 of the March 13, 2015 Order or the legend "Confidential – May Contain Nonpublic Personal Information" in the manner described herein. In the event the Producing Parties produce the Discovery Material by making it available on one or more secured electronic repositories hosted by a third-party vendor, any document in the possession, custody, or control of the Producing Parties that is made available on such a secured electronic repository shall be deemed to be designated as "CONFIDENTIAL" without any further designation, unless such document contains NPPI, in which case such document shall be deemed to

6

be designated as "Confidential – May Contain Nonpublic Personal Information" in accordance with Paragraph 11 above. A Party may at any time challenge the designation of one or more particular documents under the procedures set forth in Paragraph 13 of the March 13, 2015 Order.

(b)  In addition to the procedures set out in paragraphs 11(c) and 33 of the Protective Order, in the event that any Party determines to disclose or use any Discovery Material produced by the Producing Parties and designated "CONFIDENTIAL" or "Confidential – May Contain Nonpublic Personal Information" in a deposition, such Party must notify the Producing Party that produced the Discovery Material of such use and provide copies of (or identify by production numbers) the Discovery Material used within seven (7) days after such use. The Producing Party will advise the Party within twenty one (21) days of any objection it has to further disclosure of such Discovery Material based on a claim of privilege or other protection. Upon notice of any such objection from the Producing Party, the Discovery Material will be subject to the procedures set forth in Paragraphs 29-33 of the March 13, 2015 Order for claw back of Discovery Material. In the event any Party provides a Producing Party with a substantial volume of documents to review within any twenty one (21) day period, the Producing Party may seek leave from the Court for additional time to object to further disclosure of such Discovery Material based on a claim of privilege or other protection.

(c)  In the event that counsel for any Party determines to file with the Court any Discovery Material produced by the Producing Parties and designated "CONFIDENTIAL" "Confidential – May Contain Nonpublic Personal Information," counsel filing the Discovery Material must follow the procedures set forth in Paragraph 15 of the March 13, 2015 Order. In addition to those procedures, counsel filing the material must provide copies of (or identify by production numbers) the Discovery Material to the Producing Party that produced the Discovery Material within seventy-two (72) hours after filing.

(d)  In the event that counsel for a Party intends to use at trial or in any hearing any Discovery Material produced by the Producing Parties and designated as "CONFIDENTIAL," or "Confidential – May Contain Nonpublic Personal Information" counsel intending to use the Discovery Material must either (a) redact all NPPI before using the material in court, and provide

copies of (or identify by production numbers) the Discovery Material to the Producing Party that produced the material within forty eight (48) hours before using the materials in open court to provide the Producing Party with the opportunity to object to the use of such Discovery Material based on a claim of privilege or other protection; or (b) confer in good faith with the Producing Party reasonably in advance of such use in an attempt to agree upon other safeguards designed to protect potentially-privileged documents obtained from the Producing Parties from potential misuse, with all parties, the Producing Parties reserving their rights to have any disagreements about the use of such material resolved by the Court. Except as necessary to resolve disputes with the Court, the Producing Party shall not disclose the content or identity of the Discovery Material to any Party other than the Party that provided the copies of the Discovery Material to the Producing Party.

(e)   To facilitate the Parties' obligations with regard to the use of Confidential materials produced by the Producing Parties under this Paragraph, the Producing Parties shall Bates stamp and affix the label "SUBJECT TO SUPPLEMENTAL PROTECTIVE ORDER" to all Confidential physical imaged materials that FDIC Receiver or CIT as Producing Parties produce in this Action (*see* paragraph 11, supra).

13.   The Parties to the Action and the Producing Parties agree to a claw-back provision that will entitle the Producing Parties to the return of any documents or information which they produce that (a) may subsequently be identified as privileged or subject to the work product or any other immunity; (b) do not relate to the particular mortgages or loans that are the subject of the Action; or (c) otherwise should not have been produced as part of the production. The Parties to the Action waive and forever relinquish any right to assert, in any lawsuit, administrative proceeding, arbitration, negotiation or other proceeding that a waiver of any privilege, immunity from disclosure or other similar protection has occurred by virtue of the production of documents or information pursuant to this Supplemental Protective Order except in compliance with this paragraph. The production of documents or information pursuant to this Supplemental Protective Order shall not waive any privilege or immunity with respect to such production or with respect to other materials or information referred to in the materials produced, so long as the Producing Party who produced such documents or information requests the return or destruction of such documents or information in

writing not more than thirty (30) days after identifying the basis for requesting the return or destruction of such documents or information, except where a different period for such a request from the Producing Parties is set out in paragraph 14 of this Supplemental Protective Order. The Producing Party's written request shall specifically identify the relevant documents or information and shall state the basis for the claim of privilege or protection. Within ten (10) days after such request, the Receiving Parties shall take reasonable efforts to return or destroy the documents identified and all copies thereof, and certify in writing that they have done so.

14. The Parties agree to submit this Supplemental Protective Order for the Court's consideration and approval as an Order. The Parties further agree to be bound by the terms agreed to herein prior and subsequent to entry by the Court. Entry of this Supplemental Protective Order shall be without prejudice to other third parties'' ability to seek additional protections if called for by the particular circumstances or the documents at issue.

15. Except as expressly set forth above, all other terms of the March 13, 2015 Order remain in full force and effect.

Good cause having been shown, and the rights of witnesses and consumers having been preserved,

**IT IS SO ORDERED.**
Dated this 25TH day of OCTOBER, 2016.

_____
The Honorable James D. Peterson

## NPPI UNDERTAKING

1. I, _____, declare that:

2. I have received a copy of the March 13, 2015 Stipulation and Protective Order Regarding Confidential Discovery Materials and "Clawback" of Documents, and the **[INSERT DATE]** Stipulation and Order for Production and Exchange of Confidential Information from Non-Parties FDIC-Receiver and CIT Bank, N.A. (the "Orders") entered by the Court in *CMFG Life Insurance Company, et al. v. Morgan Stanley & Co., LLC*, United States District Court, Western District of Wisconsin, Case No. 13-CV-577 (the "Action"). I have read the Orders and understand their provisions.

3. I acknowledge the sensitive nature of the Confidential Materials designated as "Confidential – May Contain Nonpublic Personal Information," as that term is defined in the **[INSERT DATE]** Stipulation and Order for Production and Exchange of Confidential Information from Non-Parties FDIC-Receiver and CIT Bank, N.A.

4. I will comply with all of the provisions of the Orders. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Orders, and will not use for purposes other than for purposes of this Action any information designated "CONFIDENTIAL – MAY CONTAIN NONPUBLIC PERSONAL INFORMATION" that I receive in this Action, except as otherwise permitted under the Orders. I specifically agree not to use any such materials for any unauthorized use, including personal use, and understand that legal consequences may result should I do so. I consent to the jurisdiction of the Superior Court of Washington for the County of King to resolve any issues with respect to my compliance with the Orders.

Dated: _____

_____
Signature